ON MOTION FOR REHEARING
 

 ORFINGER, J.
 

 We grant Appellant’s motion for rehearing, withdraw our earlier opinion in this case and substitute the following in its place.
 

 Marshall S. Vaughan appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He claims that his trial counsel was ineffective for allowing him to plead no contest to felony driving while license suspended as he did not have the requisite prior convictions to enhance his latest offense to a felony. We reverse.
 

 In Citrus County Circuit Court case number 08-CF-654, Vaughan was charged with, and ultimately pled no contest to, numerous offenses, one of which was felony driving while license suspended, a violation of section 322.34(2) (c), Florida Statutes (2008). That statute provides in pertinent part:
 

 (2) Any person whose driver’s license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, who,
 
 knowing of such cancellation, suspension, or revocation,
 
 drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
 

 [[Image here]]
 

 (c) A third or subsequent conviction is guilty of a felony of the third degree....
 

 (emphasis added). The statute also provides that a person who drives while his or her license is cancelled, suspended or revoked, without knowledge of the cancellation, suspension or revocation, is guilty only of a moving violation, not a criminal offense.
 
 See
 
 § 322.34(1), Fla. Stat. (2008);
 
 Thompson v. State,
 
 887 So.2d 1260, 1262 (Fla.2004). Vaughan correctly argues that convictions under section 322.34(1), driving with a suspended license
 
 without
 
 knowledge of the suspension, cannot be used as a predicate to enhance later convictions of driving while license cancelled, suspended or revoked
 
 with
 
 knowledge.
 

 The information charging Vaughan with driving while license suspended in 1997, one of the two predicate offenses charged by the State, charged that Vaughan “did while his operator’s or chauffer’s license or driving privilege had been cancelled, suspended or revoked, drive a motor vehicle upon the highways of this State, in violation of Florida Statute 322.34(1).” Unless the information was amended, which is not apparent from the record before us, it did not charge Vaughan with driving while license suspended with knowledge of the suspension, an offense that could serve as a predicate for felony driving while license suspended. As this matter is not conclusively refuted by the record, we remand for the attachment of documents conclusively refuting Vaughan’s allegations or an evidentiary hearing. Only the driving while license suspended matter shall be considered by the circuit court on remand. All other convictions in Vaughan’s case are unaffected.
 

 REVERSED and REMANDED.
 

 GRIFFIN and JACOBUS, JJ., concur.